**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

Shenzhenshi Kuakuabao E-Commerce Co., Ltd.,
Shenzhen Tongyuan E-Commerce Co., Ltd.,
Shenzhenshi Beizhilang E-Commerce Co., Ltd.,
Shenzhenshi Baoshu Keji Co., Ltd.,
Shenzhen Baohong Consulting Co., Ltd.,
Shenzhenshi Shijibaobing Keji Co., Ltd., and
Shenzhen Xiebaochuhai Keji Co., Ltd.,

Plaintiffs,

v.

SHENZHEN ANDELIAN TECHNOLOGY CO., LTD., ZHONGSHAN YONGQI ELECTRONIC TECHNOLOGY CO. LTD., AND SHAOQU JI,

Defendants.

Case No. 1:26-cv-2927

**VERIFIED COMPLAINT**

Plaintiffs, Shenzhenshi Kuakuabao E-Commerce Co., Ltd. ("Kuakuabao"), Shenzhen Tongyuan E-Commerce Co., Ltd. ("Tongyuan"), Shenzhenshi Beizhilang E-Commerce Co., Ltd. ("Beizhilang"), Shenzhenshi Baoshu Keji Co., Ltd. ("Baoshu"), Shenzhen Baohong Consulting Co., Ltd. ("Baohong") Shenzhenshi Shijibaobing E-Commerce Co., Ltd. ("Shijibaobing"), & Shenzhen Xiebaochuhai Keji Co., Ltd. ("Xiebaochuhai") ("Plaintiffs" collectively), by and through their undersigned counsel, hereby file this Complaint against Defendants Shenzhen Andelian Technology Co., Ltd., Zhongshan Yongqi Electronic Technology Co., Ltd., and Shaoqui Ji (an individual), (hereinafter "Andelian," "Yongqi," and "Ji" respectively, and "Defendants" collectively) for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. that United States Patent No. 12,667,093 ("the '093 Patent" Exhibit 1), United States Design Patent No. D1,094828 S ("the 'D828 Patent" Exhibit 2) and United States

Design Patent No. D1,144,726 S ("the 'D726 Patent" Exhibit 3) ("Defendants' Patents") are invalid as being anticipated by the prior publications and public sales and that Plaintiffs' products do not infringe any valid claims of the '093 Patent, the 'D828 Patent, or the 'D726 Patent.

## I. THE PARTIES

1. Plaintiff Kuakuabao is organized under the laws of the People's Republic of China with a principal place at Room 620, Wisdom Valley Innovation Park, No. 1010 Bulong Road, Xinniu Community, Minzhi Subdistrict, Longhua District, Shenzhen, China. Kuakuabao owns (i) two stores on TEMU.com, EDROGOODS and HAVIRORO; (ii) one store on SHEIN.com, HAVIRORO; (iii) one store on Walmart.com, HAVIRORO.

2. Plaintiff Tongyuan is organized under the laws of the People's Republic of China with a principal place at Unit 502, Smart Valley Innovation Park, No. 1010, Bulong Road, Xinniu Community, Minzhi Street, Longhua District, Shenzhen, China. Tongyuan owns (i) two stores on TEMU.com, DKB Life and Opato.

3. Plaintiff Beizhilang is organized under the laws of the People's Republic of China with a principal place at Building 7, Unit 503, Yangguang Industrial Zone, Yangguang 1st Road, Yangguang Community, Xili Street, Nanshan District, Shenzhen, China. Beizhilang owns (i) one store on TEMU.com, AKFUNK.

4. Plaintiff Baoshu is organized under the laws of the People's Republic of China with a principal place at Room 501, East Tower, Digital China International InnovationCenter, No. 82, Shenwan 2nd Road, Dongfang Community, Shahe Street, Nanshan District, Shenzhen, Guangdong Province, China. Baoshu owns (i) one store on TEMU.com, TAZTIR LIGHT, (ii) one store on SHEIN.com, TazTir Shop, (iii) one store on Walmart.com, TAZTIR.

5. Plaintiff Baohong is organized under the laws of the People's Republic of China with a principal place at Room 803, Technology Center Building, Bagua 4th Road, Shanglin Community, Yuanling Subdistrict, Futian District, Shenzhen  China. Baohong owns (i) one store on SHEIN.com, DailyEssentials Co.

6. Plaintiff Shijibaobing is organized under the laws of the People's Republic of China with a principal place at Room 501, East Tower Digital China International Innovation Center 82, Shenwan 2nd Road, Dongfang Community Shahe Subdistrict, Nanshan District, Shenzhen, Guangdong Province, Shenzhen China. Shijibaobing owns (i) one store on TEMU.com, TAZTIR FAN, (ii) one store on SHEIN.com, COOMMER, (iii) one store on Walmart.com, TAZTIR HOME.

7. Plaintiff Xiebaochuhai is organized under the laws of the People's Republic of China with a principal place at Room 501, East Tower, Digital China International InnovationCenter, No. 82, Shenwan 2nd Road, Dongfang Community,Shahe Street, Nanshan District, Shenzhen, Guangdong Province, China. Xiebaochuhai owns (i) one store on TEMU.com, TAZTIR LIVING.

8. Defendant Shenzhen Andelian Technology Co., Ltd. ("Andelian") is organized under the laws of the People's Republic of China, with a principal place of business at 1622-1630, Building 74, Yixiu New Village, Baishilong Community, Minzhist, Longua Dist., Shenzhen, Guangdong, People's Republic of China. Defendant Andelian is a co-owner of the '093 Patent, the 'D828 Patent and the 'D726 Patent.

9. Defendant Zhongshan Yongqi Electronic Technology Co., Ltd. ("Yongqui") is organized under the laws of the People's Republic of China, with a principal place of business at Floor 2, Building A, Plant 10, Quianjin Second Road, Tanzhoutown, Zhongshan, Guangdon,

People's Republic of China. Defendant Yongqui is a co-owner of the '093 Patent and the 'D726 Patent.

10. Defendant Shaoqi Ji ("Ji") is a resident of the People's Republic of China, residing at Area A of Building A, No.10 Qianjin Second Road, Tanzhou Town, Zhongshan, P.R. CHINA 528400. Defendant Ji is the co-owner of the 'D828 Patent.

## II. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 35 U.S.C. § 100, et seq.

12. This Court has personal jurisdiction over Defendants under 35 U.S.C. § 293 which requires that "Every patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs. The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

13. Further, Plaintiffs regularly sell their products into Virginia. Defendants committed wrongful acts to lock down Plaintiffs' products on Amazon.com, each identified by an Amazon Standard Identification Number ("ASIN'), and stopped sales of Plaintiffs' products in the United States and Virginia for an extended period of time.

14. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because the alleged patent infringement occurred within Virginia.

15. This Court has original subject matter jurisdiction over the controversy which arose out of Defendants' filings of fraudulent patent infringement complaints with Amazon.com's internal complaint system. (Exhibit 4). This Court has subject matter jurisdiction over the present controversy under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act).

16. This Court has supplemental jurisdiction over the State Law claims pursuant to the provisions of 28 U.S.C. §1367.

## III. STATEMENT OF FACTS

17. This case arises out of Defendants' assertion of the 'D726 Patent to lockdown Plaintiffs' ASINs and to stop Plaintiffs' sales of the solar devices for killing mosquitoes ("the Mosquito Killer") on the Amazon platform (see Exhibit 4).

18. As the Plaintiffs' Mosquito Killers were made following the public disclosure of others published prior to the earliest priority date, May 13, 2024, of the Defendants' Patents, Plaintiffs' Mosquito Killers cannot legally infringe any valid claim of the Defendants' patents as a matter of law.[1]

19. The prior art Mosquito Killers are shown in the table below:

[1] The 'D828 Patent was filed on Mary 13, 2024. The 'D726 Patent was filed on August 26, 2025 as a continuation-in-part of application No. 29/941,845, filed on May 13, 2024, now Pat. Des. 1,094,828. The '093 Patent was filed on September 4, 2025 as a continuation-in-part of application No. 29/941,845, filed on May 13, 2024, now Pat. Des. 1,094,828.

| Disclosing Party | Date of First Public Disclosure | Publicly Disclosed Device |
|---|---|---|
| Facebook User,<br>Salomon Abrego<br>(Exhibit 5) | June 2, 2023 |  |
| Amazon Listing Seller ZRLKM with Customer Review on April 10, 2023 ("ZRLKM" Exhibit 6) | April 10, 2023 |  |
| Facebook Public Posting<br>(Exhibit 7) | April 20, 2023 |  |
| CN307171824<br>(Exhibit 8) | March 15, 2022 |  |

| | | |
|---|---|---|
| CN307820993<br><br>(Exhibit 9) | January 31, 2023 |  |
| CN308246059<br><br>(Exhibit 10) | September 26, 2023 |  |
| CN308322747<br><br>(Exhibit 11) | November 14, 2023 |  |

20. Plaintiffs made their Mosquito Killers according to the prior art such as ZRLKM and an example of the Plaintiffs' Mosquito Killers for sale on Temu.com at the store https://share.temu.com/yin5LB65NuC is shown below:



21. Defendants also took the prior art Mosquito Killers to apply for and obtained the 'D828 Patent with the claim as shown in the table below:

| Patent No. | Priority Date | Claim |
|---|---|---|
| The 'D828 Patent | May 13, 2024 |  FIG. 1  FIG. 2 |

22. The United States Patent and Trademark Office has ordered the reexamination of the 'D828 Patent on August 3, 2026 based on substantial questions of patent invalidity over prior art references (Exhibit 12).

23. On August 28, 2025, Defendants applied for and obtained the 'D726 Patent with the following claim on the Power Grid of the prior art Mosquito Killer:

| Patent No. | Priority Date | Claim |
| --- | --- | --- |
| The 'D726 Patent | May 13, 2024 |   FIG. 1 FIG. 3 |

24. On September 4, 2025, Defendants applied for and obtained the '093 Patent as a continuation-in-part of the 'D828 Patent.

25. As the '093 Patent has a priority date after May 13, 2024, the priority date of the 'D828 Patent, the same prior art references against the 'D828 Patent are equally applicable to invalidate the '093 Patent or to prevent the interpretation of the '093 Patent claims from reading on the prior art Mosquito Killers.

26. Defendants' wrongful actions have caused, and continue to cause, damages to the Plaintiffs and gave rise to Plaintiffs' rights to take legal action for a declaratory judgment against the three asserted patents for noninfringement, invalidity and misuse because Defendant "impermissibly broadened the 'physical or temporal' scope of the patent grant with anticompetitive effect." *Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986).

27. Defendants have damaged Plaintiffs, whose contractual relationships and business expectancies with the Online Platforms have been disrupted. Plaintiffs have lost substantial amount of money and are currently being irreparably harmed by Defendant's intentional acts.

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY OF THE 'D828 PATENT

28. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

29. The 'D828 Patent claim is anticipated/rendered obvious by ZRLKM which disclosed identical or substantially identical Devices. They are directly compared in the table below to show their identity.

| ZRLKM Disclosure on April 10, 2023 | The 'D828 Patent Claim with a Priority Date of May 13, 2024 |
|---|---|
|  |  FIG. 1  FIG. 2 |

30. Therefore, the 'D828 Patent is invalid as being anticipated by ZRLKM or rendered obvious over ZRLKM alone or in combination with other prior art references.

## COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF THE 'D726 PATENT

31. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

32. The 'D726 Patent claim on the Power Grid of the Mosquito Killer is anticipated/rendered obvious by the Power Grid in ZRLKM which disclosed identical or substantially identical power grid for substantially the same Mosquito Killer. They are directly compared in the table below to show their identity.

| ZRLKM Disclosure on April 10, 2023 | The 'D726 Patent Claim with a Priority Date of May 13, 2024 |
|---|---|
|  |   FIG. 1  FIG. 3 |

33. Therefore, the 'D726 Patent is invalid as being anticipated or rendered obvious by the Power Grid of ZRLKM or rendered obvious over ZRLKM alone or in combination with other prior art references.

**COUNT III – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF OF THE 'D828 PATENT**

34. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

35. Plaintiffs' Mosquito Killers are made according to the prior art, such as ZRLKM and cannot infringe the claim of the later filed 'D828 Patent as a matter of law.

36. The 'D828 Patent claim cannot be interpreted to read on the Plaintiffs' Mosquito Killers without also reading on the prior art Mosquito Killer so as to render the 'D828 Patent claim invalid.

37. Therefore, Plaintiffs' Mosquito Killers do not infringe any valid claim of the 'D828 Patent.

**COUNT IV – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF OF THE 'D726 PATENT**

38. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

39. The Power Grid of Plaintiffs' Mosquito Killer is made according to the prior art, such as ZRLKM and cannot infringe the claim of the later filed 'D726 Patent on substantially the same Power Grid as a matter of law.

40. The 'D726 Patent claim cannot be interpreted to read on the Power Grid of the Plaintiffs' Mosquito Killer without also reading on the Power Grid of the prior art Mosquito Killer so as to render the 'D726 Patent claim invalid.

41. Therefore, Plaintiffs' Mosquito Killers do not infringe any valid claim of the 'D828 Patent.

**COUNT V – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF OF THE '093 PATENT**

42. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

43. The priority date of the ’093 Patent is September 4, 2025, more than two years after ZRLKM and claimed substantially the same Mosquito Killers.

44. As the Plaintiffs’ Mosquito Killers were made according to the prior art such as ZRLKM, the ’093 Patent claims cannot be interpreted to cover Plaintiffs’ Mosquito Killers as a matter of law because doing so would render the ’093 Patent claims invalid claims.

45. Therefore, the claims of the ’093 Patent cannot be read on the Plaintiffs’ Mosquito Killers.

## COUNT VI
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

46. Plaintiffs hereby re-allege and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

47. Plaintiffs have contracts with Amazon.com, Temu.com. Shein.com and Walmart.com (“Online Platforms”) to do business through their seller stores on these Online Platforms.

48. Defendants knew that Plaintiffs have been doing business on these Online Platforms through its e-commerce store under the standard contractual agreement with the Online Platforms.

49. Defendants knew that their patent claims cannot be interpreted to cover Plaintiffs’ Mosquito Killers as a matter of law and yet Defendants filed bad-faith complaints against Plaintiffs to the Online Platforms.

50. Defendants intentionally interfered with the Plaintiffs' relationships with the Online Platforms and their expectancy of selling on the Online Platforms by filing fraudulent patent infringement complaints through the Online Platforms' intellectual property departments.

51. The complaints led to Online Platforms freezing Plaintiffs' ASINs and products sales pages, thereby preventing Plaintiffs from selling their Mosquito Killers. Defendant intentionally harmed Plaintiffs, costing Plaintiffs significant sums of money.

52. Defendants used improper means to interfere with Plaintiffs' contracts and relationships with the Online Platforms. Defendants knew it had no valid patent rights and/or their patents cannot be interpreted to read on Plaintiffs' Mosquito Killers and yet, Defendants accused Plaintiffs of patent infringement.

53. Defendants have damaged Plaintiffs, whose contractual relationship and business expectancy with the Online Platforms have been disrupted. Plaintiffs have lost substantial amount of money and are currently being irreparably harmed by Defendant's intentional acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1) That the 'D828 Patent is invalid over prior art and not infringed by the Plaintiffs' Mosquito Killers;

2) That the 'D726 Patent is invalid over prior art and not infringed by the Plaintiffs' Mosquito Killers;

3) The '093 Patent is not infringed by the Plaintiffs' Mosquito Killers;

4) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily

preliminarily, and permanently enjoined and restrained from using the ’D828 Patent, the ’D726 Patent and the ’093 Patent against Plaintiffs;

5) That Defendants be ordered to instruct the Online Platforms to unfreeze and reinstate Plaintiffs’ e-commerce stores and their locked ASINs and products;

6) That Defendants be restrained from filing patent infringement allegations against Plaintiffs with the Online Platforms during the pendency of this action;

7) That defendant tortiously interfered with the business relationships between Plaintiffs and the Online Platforms;

8) That Plaintiffs be compensated for their damages from Defendants’ tortious interference.

9) That Plaintiffs be awarded its reasonable attorneys’ fees and costs; and

10) Award any and all other relief that this Court deems just and proper.

Date: September 3, 2026

Respectfully submitted,

/s/ Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
DNL ZITO
1250 Conn. Ave., NW Suite 700
Washington, DC 20036
Fax: (703) 997-7534

Lance Liu, Esq. (*pro hac vice to be filed*)
Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
(Pro Hac Vice to be filed)
Lanceliu2000@Gmail.com
Phone: (203)706-9536

Verified by

Yitong Li